Bacar FALL, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 07–0553–ag.

United States Court of Appeals, Second Circuit.

Nov. 27, 2007.

---

Barry R. Goldberg, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director; Lindsay L. Chichester, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner, Bacar Fall, a native and citizen of Mauritania, seeks review of a January 18, 2007 order of the BIA affirming the June 16, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bacar Fall,* No. A 96 156 046 (B.I.A. Jan. 18, 2007), *aff'g* No. A 96 156 046 (Immig. Ct.

New York City, June 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA declined to adopt the IJ's adverse credibility finding with respect to Fall's withholding of removal claim, nor did it adopt the IJ's relocation finding with respect to Fall's CAT claim. Accordingly, we review both the BIA's and IJ's decisions, except for those findings. *See id.*

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ As a preliminary matter, we lack jurisdiction to review the IJ's pretermission of Fall's application for asylum. The IJ pretermitted Fall's asylum application based on an adverse credibility finding. In arguing that the agency erred in pretermitting his asylum application, Fall asserts only that his testimony and documentary evidence demonstrated that his application was timely. Because Fall challenges only "the correctness of the [IJ's]

factual findings," we lack jurisdiction to review the agency's decision to pretermit his asylum claim. 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D).

■ Title 8, Section 1158(a)(3) of the United States Code applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal that deny other relief. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006). We therefore review Fall's claims for withholding of removal and CAT relief on the merits. Furthermore, the Government's assertion that Fall failed to exhaust before the BIA his administrative remedies with respect to those claims is unavailing because the agency addressed those claims below. *See Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994) (finding that if the BIA addresses issues not raised by a petitioner, those issues are considered exhausted and may be reviewed by this Court).

■ We conclude that substantial evidence does not support the agency's burden of proof finding. First, because the BIA did not adopt the IJ's adverse credibility finding, Fall's birth certificate remains undisputed. The BIA was therefore required to address that document's relevance to Fall's claim that he is Mauritanian. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (emphasizing that in rejecting an applicant's claim, the agency should "consider all the evidence in the record that has probative value" (internal quotation marks omitted)).

In addition, Fall's failure to submit a letter from the "SOS" organization did not support the agency's denial of withholding of removal. Even if the organization was "well-known," "fairly influential," and had

its own website, as the IJ noted, the record does not suggest that documentation from the SOS organization was reasonably available. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000) (holding that before denying a claim solely based on an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient"). Fall testified that he had spoken to members of the SOS seven to eight months prior to the hearing, and that they had agreed to send him information about his children's location and status, but that he had not heard from them. The IJ was required to address Fall's explanation for not providing a letter from SOS. *See Cao He Lin,* 428 F.3d at 403 (emphasizing that an IJ is not required to credit an applicant's explanations even if they appear plausible on a cold record, but is required to take the explanations into account).

Further, the IJ erred by faulting Fall for his failure to provide "no letter" from the individual, Haruna, whom he claimed helped him and his wife to leave Mauritania. To the contrary, Fall's counsel presented a letter from Haruna to the IJ, which had not yet been translated. Fall's counsel then requested that the IJ adjourn for a week in order to have the letter translated. The IJ was obliged to give Fall an opportunity "to submit what may be readily available evidence" relevant to his claim. *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006).

On the other hand, to the extent that the IJ's emphasis on Fall's failure to submit his national identity card can be incorporated into the BIA's burden of proof finding, the IJ appropriately found that the card was reasonably available. *See Diallo,* 232 F.3d at 290. Nevertheless, given the flaws in the IJ's decision, this case requires remand of Fall's claims for withholding of removal and relief under the CAT because when the agency's analysis is lacking, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Gonzales v. Thomas,* 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006). We therefore decline to reach Fall's arguments that the IJ improperly ordered him removed to Senegal and that the Government failed to rebut any presumption of future persecution.

For the foregoing reasons, the petition for review is GRANTED, in part, and DISMISSED, in part, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).